IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NATIONAL ALLIANCE FOR ) <br> GRANDPARENTS AND CHILDREN'S ) <br> RIGHTS, INC. and ) <br> JAMES BROWN, ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v. ) <br>   ) <br> UNIFIED GOVERNMENT OF WYANDOTTE ) <br> COUNTY, KANSAS; COMMUNITY ) <br> DEVELOPMENTAL DISABILITIES ) <br> ORGANIZATION OF WYANDOTTE ) <br> COUNTY, KANSAS and ) <br> GORDON CRISWELL, ) <br>   ) <br> Defendants. ) | CIVIL ACTION <br><br> No. 09-2487-KHV |

**MEMORANDUM AND ORDER**

Under 42 U.S.C. § 1983, plaintiffs bring suit against the Unified Government of Wyandotte County, Kansas; Community Developmental Disabilities Organization of Wyandotte County, Kansas and Gordon Criswell. Plaintiffs allege that defendants violated their rights under the Medicaid Act, 42 U.S.C. § 1396a(a)(30), the Fourth and Fourteenth Amendments of the United States Constitution and the Kansas Developmental Disabilities Reform Act, K.S.A. § 39-1801, et seq. On April 8, 2010 the Court overruled as moot defendants' Motion To Dismiss (Doc. #7) filed November 2, 2009; sustained as unopposed defendants' Motion To Dismiss Second Amended Complaint (Doc. #17) filed February 11, 2010 and ordered plaintiffs to show cause why it should not sustain as unopposed defendants' Motion To Dismiss Plaintiffs' First Amended Complaint (Doc. #12) filed December 2, 2009. This matter is before the Court on Plaintiffs' Response To Order To Show Cause (Doc. #36) filed April 16, 2010.

In response to the order to show cause why the Court should not dismiss the first amended complaint, plaintiffs first point out that the motion to dismiss the second amended complaint was not unopposed; on February 17, 2010, they timely responded to defendants' motion to dismiss the second amended complaint. See <u>Plaintiffs' Suggestions In Opposition To Defendants' Motion To Dismiss Second Amended Complaint; And Alternatively, Motion For Leave To File Second Amended Complaint</u> (Doc. #20). As justification for their failure to respond to defendants' motion to dismiss the first amended complaint, plaintiffs purport to explain why they filed the second amended complaint. Plaintiffs acknowledge that the Court could dismiss the first amended complaint, but argue that (1) the second amended complaint was proper and timely; and (2) the Court should not dismiss it.

After reviewing the record, the Court agrees that it erred in sustaining as unopposed defendants' motion to dismiss the second amended complaint. It therefore vacates that portion of Doc. #35. It addresses on the merits defendants' motion to dismiss the second amended complaint and plaintiffs' response to the order to show cause with regard to the first amended complaint.

### A. Order To Show Cause Why Defendants' Motion To Dismiss First Amended Complaint Should Not Be Sustained As Unopposed

Plaintiffs claim that defendants violated their rights under the Medicaid Act, 42 U.S.C. § 1396a(a)(30), the equal protection clause of the Fourteenth Amendment of the United States Constitution, and the Kansas Developmental Disabilities Reform Act, K.S.A. § 39-1801, <u>et</u> <u>seq.</u> by (1) providing plaintiffs less funding than other community service providers for certain categories of patients; (2) underfunding plaintiffs for difficult patients and (3) referring patients to community service providers other than plaintiffs, which causes plaintiffs' clientele to consist primarily of patients rejected by other community service providers. Under the Fourth and

Fourteenth Amendments, plaintiffs also seek to be free from unannounced visits and audits without notice.[1]

Defendants sought to dismiss the first amended complaint for failure to state a claim under Rule 12(b)(6) and lack of subject matter jurisdiction under Rule 12(b)(1), Fed. R. Civ. P. Specifically, defendants argued that (1) the Medicaid Act, 42 U.S.C. § 1396a(a)(30), does not give rise to an enforceable private right of action under 42 U.S.C. § 1983; (2) plaintiffs did not plead facts which stated a plausible claim for relief under the Fourth or Fourteenth Amendments; and (3) plaintiffs' supplemental state law claims should be dismissed for lack of jurisdiction. As noted, plaintiffs did not respond to defendants' motion. Instead, without leave of Court, they filed a second amended complaint. In response to the order to show cause, plaintiffs do not address the merits of defendants' motion to dismiss the first amended complaint.

Under D. Kan. Rule 7.4, absent a showing of excusable neglect, a party or attorney who fails to respond to a motion within the proscribed time waives its right to later do so. Rule 6(b)(1)(B), Fed. R. Civ. P., permits the Court to extend for good cause the time within which to act if the party failed to act because of excusable neglect. To determine whether neglect is excusable, the Court considers (1) the danger of prejudice to the opposing party, (2) the length of delay caused by the neglect and its impact on judicial proceedings, (3) the reason for delay and whether it was in the reasonable control of the moving party, and (4) the existence of good faith on the part of the moving party. Hamilton v. Water Whole Int'l Corp., 302 Fed. Appx. 789, 798 (10th Cir. 2008) (citing U.S. v. Torres, 372 F.3d 1159, 1162 (10th Cir. 2004)). The reason for delay is an important, if not the most important, factor in this analysis. Id. (citing Torres, 372

---

[1] It is not clear whether plaintiffs seek damages for previous visits and audits or whether they seek prospective relief which prohibits defendants from conducting future visits and audits, or both.

3

F.3d at 1163). Plaintiffs have not shown that their failure to respond to the motion to dismiss the first amended complaint resulted from excusable neglect. Furthermore, even in response to the order to show cause, they have not addressed the merits of defendants' motion. For substantially the reasons set forth in the motion and accompanying memorandum (Docs. #12 and 13), the Court sustains defendants' motion in part.

Specifically, defendants correctly point out that plaintiffs have no private right of action under 42 U.S.C. § 1396a(a)(30) by way of 42 U.S.C. § 1983.[2] See Okla. Chapter of Am. Acad. of Pediatrics v. Fogarty, 472 F.3d 1208, 1215 (10th Cir. 2007). The Court therefore dismisses that claim.

Defendants also argue that plaintiffs have not alleged sufficient facts to support their claims under the Fourth and Fourteenth Amendment. In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In determining whether a

---

[2] 42 § U.S.C. 1396a(a)(30) provides in relevant part as follows:

> A State plan for medical assistance must . . . provide such methods and procedures relating to the utilization of, and the payment for, care and services available under the plan (including but not limited to utilization review plans as provided for in section 1396b(i)(4) of this title) as may be necessary to safeguard against unnecessary utilization of such care and services and to assure that payments are consistent with efficiency, economy, and quality of care and are sufficient to enlist enough providers so that care and services are available under the plan at least to the extent that such care and services are available to the general population in the geographic area.

complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 129 S. Ct. at 1950. The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiffs bear the burden to frame their complaint with enough factual matter to suggest that they are entitled to relief; it is not enough for them to make threadbare recitals of a cause of action accompanied by mere conclusory statements. Twombly, 550 U.S. at 556. Plaintiffs make a facially plausible claim when they plead factual content from which the Court can reasonably infer that defendants are liable for the misconduct alleged. Iqbal, 129 S.Ct. at 1949. Plaintiffs must show more than a sheer possibility that defendants have acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendants' liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief. Id. at 1950. Finally, the degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2) depends upon the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. County of Allegheny, 515 F.3d 224, 232-32 (3d Cir. 2008)).

With respect to the claims under the Fourth Amendment and the due process clause of the Fourteenth Amendment, defendants argue that plaintiffs did not plead sufficient facts to state a plausible violation.[3] Specifically, defendants complain that plaintiffs do not identify which

---

[3] The Fourth Amendment applies to states by virtue of the due process clause of the Fourteenth Amendment. Mapp v. Ohio, 367 U.S. 643, 655 (1961). The Fourth Amendment to
(continued…)

defendant or defendants conducted any unannounced visit or audit or when or where they took place, and are therefore speculative. Finally, defendants argue that mere allegations of "unannounced visits" and "audits without notice" do not state valid constitutional claims.

To demonstrate Fourth Amendment protection for property, plaintiffs must have a legitimate expectation of privacy in the invaded place. McCartry v. City of Bartlesville, 8 Fed. Appx. 867, 876 (10th Cir. 2001) (quoting Rakas v. Illinois, 439 U.S. 128, 143 (1978)). Under the Fourth Amendment, individuals have a reasonable expectation of privacy in commercial property. Mimics, Inc. v. Village of Angel Fire, 394 F.3d 836, 842-43 (10th Cir. 2005).[4] The circumstances of the particular commercial property dictate the level of the individual's expectation of privacy, with a lesser expectation for businesses which extend a broad invitation to the public compared to a greater expectation for property closed to the general public. Id. at 843. Public officials trigger the Fourth Amendment's protections when they intrude upon an individual's reasonable expectation of privacy. U.S. v. Walker, 474 F.3d 1249, 1252 (10th Cir.

---

[3] (continued . . . )
the United States Constitution provides that:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV.

[4] While plaintiffs do not specify the person or property which is the subject of their Fourth Amendment claim, the first amended complaint references plaintiffs' expenditures to decorate and remodel a new facility to make it "aesthetically pleasing" to community residents and plaintiffs' clientele. This reference suggests that plaintiffs' Fourth Amendment claim involves property with some degree of public access. The Court therefore assumes that plaintiffs' Fourth Amendment claim relates to commercial property.

2007).

Here, plaintiffs "seek to be free" from unannounced visits and audits without notice. The first amended complaint contains no facts, however, which demonstrate the level of plaintiffs' expectation of privacy or the nature of the alleged intrusion. Visits and audits are not unlawful unless they violate some expectation of privacy, particularly given that plaintiffs allege a contractual or statutory arrangement which governs their relationship with defendants. Without more factual enhancements, plaintiffs' naked assertions do not permit the Court to infer more than the mere possibility of misconduct. See Iqbal, 129 S. Ct. at 1949. Accordingly, the first amended complaint does not plead a plausible violation of the Fourth Amendment or the due process clause of the Fourteenth Amendment.

Similarly, defendants argue that the first amended complaint does not plead sufficient facts to state a plausible claim for violation of the Fourteenth Amendment equal protection clause.[5] In support of their argument, defendants cite the facts which support plaintiffs' Fourth Amendment claims and argue for dismissal on the same grounds.

Admittedly, the first amended complaint is not a model pleading. It appears to the Court, however, that plaintiffs' equal protection claim involves not only unannounced visits and audits

---

[5] The Fourteenth Amendment to the United States Constitution provides in relevant part as follows:

> All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. CONST. amend. XIV, § 1.

to which others similarly situated are not subjected, but also allegations that (1) plaintiffs receive less funding than other community service providers for certain categories of patients; (2) the funding which plaintiffs receive does not correspond with the degree of difficulty of its patients; (3) defendants refer patients to community service providers other than plaintiffs and (4) plaintiffs' clientele consists primarily of patients rejected by other community service providers. To succeed on a Fourteenth Amendment equal protection claim, plaintiffs must show either that they are part of an identifiable group or are a "class of one" which is intentionally treated differently from others similarly situated with no rational basis for the difference in treatment. Mimics, 394 F.3d at 848-49. Plaintiffs provide no facts which show they belong to an identifiable group. The first amended complaint sufficiently alleges, however, that defendants have treated plaintiffs differently than others similarly situated with no rational basis for the difference. Defendants do not argue to the contrary. Accordingly, the Court overrules defendants' motion to dismiss plaintiffs' Fourteenth Amendment equal protection claims.

Under 28 U.S.C. § 1367(a), the Court may exercise supplemental jurisdiction over a state law claim which derives from a common nucleus of operative fact with asserted federal claims. See Fisher v. Lynch, 531 F. Supp.2d 1253, 1271 (D. Kan. 2008). Conversely, 28 U.S.C. § 1367(c)(3) permits a court which has dismissed all claims over which it had original jurisdiction to decline to exercise supplemental jurisdiction over state law claims. Plaintiffs' remaining federal claim is that defendants violated the equal protection clause of the Fourteenth Amendment by unfairly administering the system of funding for the delivery of community services. Plaintiffs' state law claim under the Kansas Developmental Disabilities Reform Act, K.S.A. § 39-1801, et seq., similarly implicates the methods by which defendants administer the system of funding. Accordingly, the Court concludes that plaintiffs' state law claim is

8

sufficiently related to their Fourteenth Amendment equal protection claim to form part of the same case or controversy. It therefore elects to exercise supplemental jurisdiction over plaintiffs' state law claim. If the Court later dismisses plaintiffs' federal claim, however, it may decline to exercise supplemental jurisdiction over plaintiffs' state law claim and dismiss it at that time.

### B. Motion To Dismiss Second Amended Complaint

Defendants seek to dismiss the second amended complaint, filed February 3, 2010, because plaintiffs filed it without defendants' consent or leave of Court. See Fed. R. Civ. P. 15(a)(2).[6] Plaintiffs argue that because defendants never filed a responsive pleading and plaintiffs filed it by the deadline to do so in the scheduling order, their second amended complaint was proper under Rule 15(a). Plaintiffs further aver that they engaged in excusable neglect by filing the second amended complaint without otherwise responding to defendants' motion to dismiss. Plaintiffs claim that in any event, the Court is obligated under Rule 15(a)(2) to "freely give leave" to amend when "justice so requires," and that the amendments in the second amended complaint do not prejudice defendants because they merely (1) set out plaintiffs' legal theories in separate counts and (2) cite Rosewood Servs., Inc. v. Sunflower

---

[6] Rule 15, Fed. R. Civ. P. (as amended December 1, 2009), provides in relevant part as follows:

> (a) Amendments Before Trial.
> (1) Amending as a Matter of Course. A party may amend its pleading once as a matter of course within:
>     (A) 21 days after serving it, or
>     (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

9

Diversified Servs., Inc., 413 F.3d 1163 (10th Cir. 2005), as controlling authority.[7]

Plaintiffs' arguments are without merit. First, the plain language of Rule 15(a) permits plaintiffs to amend their complaint **once** as a matter of course. They did so by filing a first amended complaint on November 20, 2009. Any subsequent amendments fall under Rule 15(a)(2), which requires written consent of the opposing party or leave of court, neither of which plaintiffs obtained. Whether defendants filed a "pleading" has no bearing on plaintiffs' ability to file a second amended complaint without leave of court. Once plaintiffs filed the first amended complaint, Rule 15(a)(2) governed their ability to file further amendments.[8] The fact that the scheduling order contains a deadline for motions to amend has no bearing on the requirement that under Rule 15(a)(2), plaintiffs must secure consent or leave of Court before filing such

---

[7] It is unclear why plaintiffs believe that Rosewood, 413 F.3d 1163, constitutes controlling authority. Rosewood deals with whether community development disability organizations (CDDOs) such as Community Development Disabilities Organization of Wyandotte County, Kansas can assert the defense of qualified immunity. Id at 1164. CDDOs are private, non-profit corporations which receive and distribute federal and state funds for providing services to developmentally disabled persons. Id. In Rosewood, the Tenth Circuit held that a CDDO cannot assert the defense of qualified immunity unless it can demonstrate some degree of oversight by the state agency from which it receives funds. Defendants do not assert any defense of qualified immunity. Therefore Rosewood does not appear to cure any defects in plaintiffs' first amended complaint.

[8] Prior to December 1, 2009, Rule 15(a) permitted a party to amend its pleading once a matter of course before being served with a responsive pleading (i.e. an answer). The amended rule, which took effect December 1, 2009, permits a party to amend its pleading as a matter of course once within a limited time after service of either a responsive pleading or a motion under Rule 12(b), (e) or (f). The amendment took effect after plaintiffs filed their first amended complaint but before they filed their second.
  Plaintiffs attach significance to defendants' filing of successive motions to dismiss, rather than responsive "pleadings" (i.e. answers), to plaintiffs' complaint and first amended complaint. Plaintiffs seem to argue that they are entitled to file successive amended complaints so long as defendants file motions to dismiss rather than responsive "pleadings." Plaintiffs misread Rule 15(a), however, which permits amendment of a pleading as a matter of course only once – without regard to whether defendants responded to the amended complaint(s) with a pleading or a motion to dismiss.

amendments. Furthermore, D. Kan. Rules 7.1(c) and 6.1(d)(2) obligate a party opposing a motion to file a responsive brief or memorandum within 21 days after the motion is filed.

According to plaintiffs, the second amended complaint merely sets out their claims separately and adds a citation to Rosewood Servs., Inc. v. Sunflower Diversified Servs., Inc., 413 F.3d 1163 (10th Cir. 2005). Plaintiffs have not shown that these amendments cure any defects in the first amended complaint or advance the litigation with respect to the merits of their claims. For that reason, such amendments appear on their face to be futile. More importantly, because plaintiffs violated Rule 15(a)(2) when they filed their second amended complaint without leave of court or written consent of defendants, the Court sustains defendants' motion to dismiss plaintiffs' second amended complaint.

**IT IS THEREFORE ORDERED** that the portion of Doc. #35 which sustains as unopposed defendants' Motion To Dismiss Second Amended Complaint (Doc. #17) be and hereby is **VACATED.**

**IT IS FURTHER ORDERED** that defendants' Motion To Dismiss Plaintiffs' First Amended Complaint (Doc. #12) filed December 2, 2009 be and hereby is **SUSTAINED in part.** Plaintiffs' claims under 42 U.S.C. § 1396a(a)(30), the Fourth Amendment and the due process clause of the Fourteenth Amendment be and hereby are **DISMISSED.** Plaintiffs' claims under the equal protection clause of the Fourteenth Amendment and the Kansas Developmental Disabilities Reform Act, K.S.A. § 39-1801 et seq. remain in the case.

**IT IS FURTHER ORDERED** that defendants' Motion To Dismiss Second Amended Complaint (Doc. #17) be and hereby is **SUSTAINED.**

Dated this 6th day of July, 2010 at Kansas City, Kansas.

>                                           s/ Kathryn H. Vratil
>                                           KATHRYN H. VRATIL
>                                           United States District Judge